[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CLAIM OF EXEMPTION OF EXECUTION
Before the court is the defendant's claim that the entire amount in a bank account which was levied upon by a sheriff is exempt from execution. After the plaintiff obtained a judgment against the defendant, Nancy Christani, it then obtained a bank execution from the court clerk on December 16, 1997. About January 20, 1998, the defendant, who held the bank account as Nancy DeCecco, was notified by Webster Bank that her bank account #15121185 was being frozen pursuant to the execution. The defendant timely filed an affidavit of claim of exemption established by law and hearing was held on February 17, 1998. The plaintiff's levy reached $2,987.77 which has been frozen by the bank pending the court's decision on the defendant's claim of exemption from execution.
The defendant urges that the money in the account is exempt by law from execution for the following reasons:
 "A) The funds represent court approved payments of child support pursuant to § 52-352b(h).
B) The funds represent alimony and support pursuant to § CT Page 2386 52-352b(n).
 C) The funds represent exempted wages pursuant to § 52-361a
of the Connecticut General Statutes."
The funds in the account were derived from two sources, a real estate commission earned and the remainder comprising child support payments received as a result of orders in dissolution actions of two prior mortgages. The defendant could give no accounting of what specific deposits and withdrawals were made in the bank account in the months immediately prior to the levy of execution. Despite the co-mingling, the defendant was able to testify that $1200.00 of the account came from a real estate commission derived in December 1977 and that 99 percent of the rest was child support payments.
Connecticut General Statutes § 31-71a defines payment of wages and what are wages. Section 31-71a(3) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." The defendant urges that the real estate commission paid to the defendant is clearly wages as defined by the statute and is therefore exempt. The court does not find this claim proved.
Section 52-352b(r) of the Connecticut General Statutes provides in part that "the following property of any natural person shall be exempt (from execution):
 "(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars."
The defendant urges that this statute would protect the first $1,000.00 of the account not otherwise exempt. The court agrees.
The court further finds that $1,769.90 is derived from child support payments made for the benefit of minor children and therefore exempt under provisions of § 52-352b(h).
Because the defendant has failed in her burden to prove the exempt character of the remaining funds, the court orders that the balance of $217.87 be paid to the plaintiff. The total sum of $2,769.90 in the account is found to be exempt from execution and shall remain the property of the defendant. CT Page 2387
It is true that there has been a co-mingling in the defendant's account of funds of differing exempt character together with funds the court has found to be nonexempt. However, the court finds that by analogy the case of Philpott v.Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590 (1973) is persuasive on that issue. Philpott held that exempt Social Security payments retain their exempt character as exempt "monies" and do not become a nonexempt investment even when placed in a bank account as long as the exempt source funds can be reasonably traced and identified from the whole corpus levied upon.
Flynn, J.